UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA,<br><br>                    Plaintiff,<br><br>            -against-<br><br>THE AMAZON CORPORATION HEADQUARTERS; JEFF BEZOS,<br><br>                    Defendants. | 23-CV-3217 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammed Keita, of Staten Island, New York, brings this *pro se* action invoking the Court's federal question and diversity of citizenship jurisdiction and asserting claims against the Amazon Corporation Headquarters and Jeff Bezos. Plaintiff alleges "Violation of Federal Truth in Billing Disclosures Act, Deceptive Billing Practices, and Federal Trade Commission (FTC) Law." (ECF No. 1 at 2.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that he resides in Staten Island, New York, Defendants are located in Seattle, Washington, and the events giving rise to his claims occurred in Staten Island, Richmond County, New York, which lies within the Eastern District of New York.[1] Thus, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is the proper venue for this action. There are no allegations in the complaint suggesting that this court is a proper venue for Plaintiff's claims.[2]

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his claims arose in Staten Island, which is in the Eastern District of New York.[3] *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

---

[1] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn), (3) Queens (New York City Borough of Queens), (3) Richmond (New York City Borough of Staten Island), (4) Nassau, and (5) Suffolk. 28 U.S.C. § 112(c).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan), (2) Bronx (New York City Borough of the Bronx), (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

[3] From January 1, 2023, through April 19, 2023, Plaintiff filed five other actions in this court, and four of those actions have been transferred to the United States District Court for the Eastern District of New York. *See Keita v. Coll. of Staten Island,* ECF 1:23-CV-3090, 4 (S.D.N.Y. Apr. 18, 2023); *Keita v. Ford,* ECF 1:23-CV-2755, 3 (S.D.N.Y. Apr. 3, 2023); *Keita v. Nerdrez,* ECF 1:23-CV-2103, 3 (S.D.N.Y. Mar. 21, 2023); *Keita v. State Farm Ins.*, ECF 1:23-CV-0658, 4 (S.D.N.Y. Jan. 27, 2023). In the Eastern District, Plaintiff has been described as a "serial litigator." *See Keita v. Amer. Sec. Ins. Co. et al.*, No. 17-CV-0879 (E.D.N.Y. Dec. 10, 2021).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 20, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge